VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00075

| | |
|---|---|
| In re McCanna Variance Denial | DECISION ON THE MERITS |

Leah and Brandon McCanna (Applicants) appeal the denial of their application for a variance for a storage shed at 104 Route 100 (Property) by the Town of Weston Zoning Board of Adjustment (ZBA). The Town of Weston took an active role in this matter and is represented by Merrill E. Bent, Esq. and John D. Stasny, Esq. The McCannas are self-represented. No other parties appeared or participated in trial.

The McCannas raise five questions for the Court's review in their September 9, 2021 Statement of Questions (SOQ).[1] The five questions relate to 24 V.S.A. § 4469(a)(5), the last of five statutory criteria for the grant of a variance, requiring that their variance "will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan." 24 V.S.A § 4469(a)(5).

The Court conducted a one-day remote trial on January 11, 2022 using the WebEx platform. Prior to the trial, the Court conducted a final pre-trial conference using WebEx so that all parties could practice remote participation. The Court did not complete a site visit to the subject property.

### Findings of Fact

1. The McCannas reside full-time with their two young sons at the Property. They originally acquired the Property as a weekend get-away but with the options of remote work during

---

[1] Applicants withdrew the sixth question in the SOQ on the record at the beginning of trial.

the COVID-19 Pandemic the McCannas sold their other residence and relocated to the Property full-time.

2. The Property is 0.25 acres and is accessed from Route 100. The West River boarders the Property to the northeast. The adjacent properties are residential, with addresses of 98 Route 100 and 106 Route 100.

3. The Property and its buildings predate the Town of Weston Bylaws Zoning Regulations (Regulations) and many aspects of both are now non-conforming.

4. For instance, the buildings on the Property do not comply with setback requirements. The Regulations establish a watercourse setback of 100 feet, yet the Property is approximately 70 feet wide. No building or structure on the Property can comply with the 100 feet setback. This nonconformity predates the Regulations.

5. The Property is in the Resource Zoning District, which has a minimum lot size of 3 acres. The Property's 0.25 acre size makes it a pre-existing non-conforming lot.

6. The house on the Property was built in the 1800's prior to zoning and is located three (3) feet from the eastern boundary and approximately twelve (12) feet from the western boundary of the Property. Side-yard setbacks for parcels within the Resource Zoning District are 50 feet. The house is consequently a pre-existing non-conforming structure.

7. The Property has a narrow driveway and no garage. Aside from the shed at issue in this matter and the house, the only other structure on the property is a small (approximately 40 square-foot) shed storing yard and garden tools.

8. The Property and its surroundings have a "village" atmosphere. The Property and the adjacent properties on either side of it have direct access to Route 100, a frequently traveled State highway, and are located in an area that used to be one of the commercial villages in Weston in the 1800s. They are smaller than most of the other properties in the Resource Zoning District, which usually have less convent access to commercial businesses and improved public roads.

9. The McCannas seek a variance for an existing ten (10) foot by fourteen (14) foot pre-fabricated storage shed on the Property.

10. In a March 3, 2021 decision, the ZBA concluded that the request for variance satisfied 24 V.S.A. § 4469(a)(1)-(4), but did not comply with 24 V.S.A. § 4469(a)(5).

11. The McCannas sought reconsideration of their application pursuant to 24 V.S.A. § 4470.

12. In a July 13, 2021 decision, following a reconsideration hearing limited to § 4469(a)(5), the ZBA concluded again that the request for variance did not satisfy 24 V.S.A. § 4469(a)(5).

13. There are two primary needs or uses of the subject shed; storage and a safe play space for children while the McCannas work outside in their yard and garden.

14. The proposed location of the shed is based in large part on visibility and proximity to the garden, which is located between the older shed and the proposed location for the shed at issue in this matter. The proposed location is approximately 48 feet from the river, approximately 33 feet from the eastern boarder of the Property and approximately 20 feet from the western boarder. Exhibit 2.

15. Two alternative locations for the shed were offered at trial.

16. Alternative A is an addition to the rear of the house close to the main entrance that would connect to the house and extend into the driveway. It is likely that utilities and septic equipment would have to be relocated under this Alternative. It would also reduce usable space within the small driveway. Exhibit 2.

17. Alternative B is an addition sited within or on a portion of the existing deck on the east side of the rear of the house. This option would considerably reduce the size of the deck. Additionally, storm water modification to the deck would be required. Exhibit 2.

18. If the McCannas were working in the rear garden, they would not have a clear line of sight to either Alternative A or Alternative B because of the older shed and a line of trees between the house and the garden.

## Conclusions of Law

I. **Whether the request for variance satisfies the Town of Weston's Zoning Regulations Section 409 and 24 V.S.A. Section 4469(a)(5)? (SOQ's 1&3)**

The Court groups Questions 1 and 3 of the SOQ together because Applicants' variance request will satisfy the requirements of § 409 of the Regulations if it satisfies the requirements

of 24 V.S.A. § 4469(a). The Regulations do not list specific criteria but instead stipulate that a variance "shall be granted by the appropriate municipal panel only in accordance with 24 V.S.A. § 4469," and with 44 CFR § 60.6 regarding federal flood plain management regulation, which is not at issue here. Regulations § 409. Under § 4469(a), an applicant must establish five criteria in order for a municipal panel or the Environmental Division to grant a variance request. 24 V.S.A. § 4469(a)(1) – (5). The Court's review of this matter is limited to the fifth statutory criteria, § 4469(a)(5), as no party appealed the ZBA's positive determinations from March 3, 2021 as to the first four criteria.

The "traditional reluctance" to grant variances comes from their nature as "individual exceptions to generally applicable rules of zoning." In re Mutschler, 2006 VT 43, ¶ 7, 180 Vt. 501. Within the statutory limits of their application though, variances serve as a "recognized alternative when a strict adherence to zoning provisions will bring about unjust results." In re Roderiques Variance Application, No. 212-9-08 Vtec., slip op. at 12 (Vt. Super. Ct. Envtl. Div. Apr. 27, 2010) (Durkin, J.) (citing In re Mutschler, 2006 VT 43, ¶ 7).

By finding that Applicants met the first four criteria, the ZBA has already found some variance to be necessary for the reasonable use of this Property. See, e.g. § 4469(a)(2)("there is no possibility that the property can be developed in strict conformity with the provisions of the bylaw"). Having gone unchallenged, the Court cannot now review those determinations. The remaining legal question before the Court on this appeal is not whether a variance for the storage shed is warranted but whether the proposed location for the shed represents the "minimum variance," the "least deviation," from the Regulations.

The Town opposes Applicants' variance request by arguing that either of the two alternative locations presented to the Court would have less impact on the Regulations than the proposed location for the shed, which is its current location in the rear of the Property. This argument is based on the nature of Alternative A and B as additions to the house and not freestanding structures. Under Section 511.2(2) of the Regulations, a nonconforming structure

4

"may be altered, including additions to the building or structure," so long as the addition does not increase the amount of nonconformity. Regulations, § 511.2(2).[2]

The proposed location represents the least deviation from the Regulations for a freestanding storage shed on this Property. Between the 100-foot setback from the river and the 50-foot side-yard setbacks on either side of the 70-foot wide lot, there is no location on the Property where a freestanding shed could be placed in conformance with the Regulations. The shed is small while still accommodating Applicants' necessary storage purposes and is sited in a manner that maintains a significant setback from neighboring properties on both sides while serving as a safe play space for children because of the visibility from the garden. As a pre-fabricated, freestanding shed it is non-permanent and can be removed if no longer needed.

The proposed location is also the only reasonable option presented to the Court. As an addition to the structure of the house itself, Alternative A would require significant new construction as well as relocating the existing utilities and may require relocating aspects of the existing septic system. Alternative A would reduce the amount of usable space in the already narrow driveway, making it more difficult to navigate. The option to attach the shed to the existing deck on the house, Alternative B, is also problematic as it would take up a substantial portion of the deck and require modifications to existing storm-water drainage. While testifying in support of the alternatives as a witness for the Town, the Weston Zoning Administrator acknowledged that placing the shed on the deck would be "awkward looking." Neither Alternative A nor B provide the visibility that Applicants seek in a safe play space for their children while they work in their garden. As permanent additions, Alternatives A and B could have a detrimental impact on the period architecture of the house without even accommodating all of the purposes supporting Applicants' request.

---

[2] As the ZBA notes in its July 2021 decision, Alternatives A and B would not require a variance if they can fall under the § 511.2(2) allowance for "additions" to an existing nonconforming structure. Consequently, there is a discrepancy between the ZBA's determination in the July 2021 decision that "at least one location" meets § 511.2(2) and its March 2021 determination on criteria 2 of 24 V.S.A. § 4469(a) that a variance is necessary. In this appeal of the July 2021 decision, the Court is not reviewing the ZBA's determination on criteria 2 and does not address whether the ZBA's legal determination as to § 511.2(2) is correct.

Alternatives A and B require a level of modifications to the house, driveway, and deck that is out of proportion with the small scale of the shed that Applicants' request. In the absence of evidence supporting reasonable alternatives, the Court finds that the proposed location represents the least deviation from the Regulations in satisfaction of § 4469(a)(5). Considering the ZBA's positive determinations on the rest of the criteria, the Court answers Questions 1 and 3 in the affirmative, concluding that Applicants' request for a variance satisfies § 409 of the Regulations as well as 24 V.S.A. § 4469(a)(5).

II.  **What is an appropriate and applicable alternative when considering a request for variance pursuant to the Town of Weston's Zoning Regulations Section 409 and 24 V.S.A. Section 4469(a)(5)? (SOQ 4)**

In reaching a decision on this matter, the Court considered only Alternative A and Alternative B as those were the only alternatives presented by Applicants and the only alternatives supported by the evidence in the record. The parties did not dispute whether these were the only alternatives, and the Town did not provide evidence that would have allowed the Court to consider alternatives other than Alternative A and B. On this set of facts, the Court does not have enough information about the Property to consider the feasibility of other alternatives. As only Alternatives A and B are in evidence, and having considered these two alternatives, we conclude that this question is moot as we are not required to consider other possible alternatives.

III.  **Is Town of Weston's Zoning Regulation Section 409 too vague and unenforceable? (SOQ 2)**

The Court does not find § 409 of the Regulations to be too vague. A municipal regulation is unenforceable for its vagueness it if does not set out sufficient standards to guide enforcement of the regulation. In re Appeal of JAM Golf, LLC, 2008 VT 110, ¶ 17, 185 Vt. 201. See In re LaBerge NOV, 2016 VT 99, ¶ 19, 203 Vt. 98 ("a municipal zoning ordinance that fails to provide sufficient standards to adequately guide applicants and decisionmakers violates property owners' due process rights") (citing JAM Golf, 2008 VT 110, ¶¶ 12 – 14). While § 409 does not set out its own standards, it requires compliance with the standards in 24 V.S.A. § 4469. Far from "delegating standardless discretion to town zoning boards," JAM Golf, 2008 VT 110, ¶17, the state statute incorporated into § 409 guides decisions on variance requests by requiring findings on five

6

specific criteria. 24 V.S.A. § 4469(a)(1) – (5). The Regulations give fair notice of the standards a variance request would need to meet. Question 2 is consequently answered in the negative.

IV. **Is the Property in the Resource Zoning District and should setback apply to the Property? (SOQ 5)**

This Question relates to the way the Property, and the two abutting properties, differ in some important respects from more typical properties in the Resource Zoning District, and from the purpose that the district is designed to protect. Regardless of how well the Property fits with the Resource Zoning District, however, there is no dispute that it is in fact currently located in the Resource Zoning District. It is unnecessary for the Court to resolve this Question because it is no longer at issue as the Court concludes that the shed complies with 24 V.S.A. § 4469(a)(5). Question 5 is dismissed as moot.

**Conclusion**

For the foregoing reasons, the Court concludes that Applicants' request for a variance satisfies 24 V.S.A. § 4469(a)(5) and consequently § 409 of the Regulations. Applicants may site their storage shed in the proposed location, which is its current location, as depicted in Exhibit 2. This matter is hereby REMANDED to the Town of Weston for the ministerial act of issuing any necessary permits for the shed to Applicants in conformity with this decision.

Electronically Signed: 1/24/2022 3:43 PM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

7